UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MUSTAFI AFIFI, RACHID DABAHA, and
GLORIA AVILES, Individually and on Behalf of
All Other Persons Similarly Situated,

             Plaintiffs,

      -against-

AKBAR & ASSOCIATES, INC., AKBAR
HIMANI, AMIN HIMANI and SIRAJ HIMANI

            Defendants
------------------------------------------------------------X

JUDGE CASTEL

07 CIV 6352

CIVIL ACTION:

**COMPLAINT AND
JURY DEMAND**

RECEIVED
JUL 12 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## NATURE OF THE ACTION

    1.    Plaintiffs allege on behalf of themselves and other similarly situated current and

former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from

Defendants for overtime work for which they did not receive overtime premium pay, as

required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201

*et seq.*

    2.    Plaintiffs further complain on behalf of themselves, and a class of other

similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P.

23, that they are entitled to back wages from Defendants for overtime work for which they did

not receive overtime premium pay as required by the New Jersey Wage Payment Law,

N.J.S.A. 34:11-56a1, *et seq.* ("NJWPL")

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims

pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims

under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## THE PARTIES

6.      (a) Plaintiff, Mustafa Afifi, was, at all relevant times, an adult individual,

residing in Jersey City, New Jersey.

(b) Plaintiff, Rachid Dabaha, was, at all relevant times, an adult individual,

residing in Jersey City, New Jersey.

(c) Plaintiff, Gloria Aviles, was, at all relevant times, an adult individual,

residing in Jersey City, New Jersey.

7.      (a) Upon information and belief, Defendant Akbar & Associates, Inc. ("Akbar")

is a New Jersey corporation, with a principal place of business at 24 Path Plaza, Jersey City,

N.J. and operates over 200 retail stores throughout the State of New York and the State of New

Jersey including a number of retail stores in the City of New York (Manhattan).

(b) Upon information and belief, Defendant Akbar Himani, was, at all relevant

times, an adult individual, whose residence is currently unknown, and was an officer, director,

and/or managing agent of AKBAR and participated in the day to day operations of Akbar and

acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C.

2

§203(d) and regulations promulgated there under, 29 C.F.R. §791.2 as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11 – 56 al, et seq. and is jointly and severally liable with Akbar.

(c) Upon information and belief, Defendant Amin Himani, was, at all relevant times, an adult individual, whose residence is currently unknown, and was an officer, director, and/or managing agent of AKBAR and participated in the day to day operations of Akbar and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated there under, 29 C.F.R. §791.2 as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11 – 56 al, et seq. and is jointly and severally liable with Akbar.

(d) Upon information and belief, Defendant Siraj Himani, was, at all relevant times, an adult individual, whose residence is currently unknown, and was an officer, director, and/or managing agent of AKBAR and participated in the day to day operations of Akbar and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated there under, 29 C.F.R. §791.2 as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11 – 56 al, et seq. and is jointly and severally liable with Akbar.

## COLLECTIVE ACTION ALLEGATIONS

8.    Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States, at any time since July 10, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of that term

in the FLSA and, who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

9.      This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least hundreds of members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

10.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

11.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

12.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

4

a.  whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

d.  whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.  whether Defendants misclassified the Collective Action members as exempt under the relevant provisions of the FLSA;

f.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

g.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h.  whether Defendants should be enjoined from such violations of the FLSA in the future.

13.  Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

14.     Plaintiffs sues on their own behalf and on behalf of a class of persons under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

15.     Plaintiffs brings their NJWPL claim on behalf of all persons who were employed by Defendants in the State of New Jersey at any time since July 10, 2004, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of that term in the NJWPL and, have not been paid overtime wages in violation of the NJWPL (the "Class").

16.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are scores or hundreds of members of the Class during the Class Period.

17.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

18.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

19.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

20.    Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

21.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.  whether the Defendants employed the members of the Class within the meaning of the NJWPL;

    b.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c.  whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NJWPL;

    d.  whether Defendants misclassified the Collective Action members as exempt under the relevant provisions of the NJWPL;

    e.  whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

    f.  whether the Defendants should be enjoined from such violations of the NJWPL in the future.

7

## STATEMENT OF FACTS

22.    At all relevant times, Defendants operated retail convenience stores, coffee shops, deli groceries, and liquor stores throughout New York and New Jersey.

23.    (a) From in or about August 2004 to the present, Plaintiff Mustafa Afifi, was employed by defendants at one its retail stores located in Jersey City, NJ as the night manager.

(b) From in or about July 2002 to the present, Plaintiff Rachid Dabaha, was employed by defendants at one its retail stores located in Jersey City, NJ as the assistant manager.

(c) From in or about 1998 to the present, Plaintiff Gloria Aviles, was employed by defendants at one its retail stores located in Jersey City, NJ as a cashier.

24.    Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

25.    The work performed by Plaintiffs required little skill and no capital investment. Their duties did not include managerial responsibilities or the exercise of independent judgment.

26.    Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and NJWPL since they willfully misclassified Plaintiffs as exempt employees under the applicable FLSA and NJWPL provisions.

27.    Throughout this time and, upon information and belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities

8

did not include any managerial responsibilities or the exercise of independent judgment. They do no have authority to hire or fire other employees.

28.     Such individuals have worked in excess of forty hours a week yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and the NJWPL. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

29.     During the course of Plaintiffs' own employment, and while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

30.     Throughout all relevant time periods, upon information and belief, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF:
### FAIR LABOR STANDARDS ACT

31.     Plaintiffs, on behalf of themselves and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 30 as if they were set forth again herein.

32.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33.     At all relevant times, Defendants employed, and/or continues to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

34.    Upon information and belief, at all relevant times, Defendants have had annual gross revenues in excess of $500,000.

35.    Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

36.    At all relevant times, the Defendants have had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

37.    As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

38.    As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

39.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

40.    Due to the Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from the Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional

liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW JERSEY WAGE PAYMENT LAW

41.    Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference paragraphs 1 through 30 as if they were set forth again herein.

42.    At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New NJWPL.

43.    Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

44.    The Defendants' NJWPL violations have caused Plaintiffs and the members of the Class, irreparable harm for which there is no adequate remedy at law.

45.    Due to the Defendants' NJWPL violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NJWPL.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

c.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWPL;

d.    An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.    An award of unpaid overtime compensation due under the FLSA and NJWPL;

f.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.    An award of liquidated damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to NJWPL;

h.    An award of prejudgment and postjudgment interest;

12

i.    An award of costs and expenses of this action together with reasonable

attorneys' and expert fees; and

j.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the complaint.

Dated: New York, New York
        July 10, 2007

By: _____
            Fran L. Rudich

Seth R. Lesser (SL 5560)
Fran L. Rudich (FR 7577)
LOCKS LAW FIRM PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838-3735

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFFS**

13